Hon.



10-CV-00308-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YVETTE MARIE GASTON<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>WADE JONES, LEANNE SHIREY, ERIC FAUST, SEATTLE POLICE DEPARTMENT AND CITY OF SEATTLE<br>　　　　　　　Defendants. | NO.<br><br>**CV10 308 RAJ** |

Plaintiffs allege

## I. NATURE OF ACTION

1.1　Introduction. This is a civil rights action brought by Plaintiffs pursuant to 42 U.S.C. Sec. 1983 and the Fourth and Fourteenth Amendments against the Defendant police officers and their marital communities. This case arises from excessive force, false arrest, malicious prosecution, defamation, assault, infliction of emotional distress and interference with business relationships of the plaintiff Yvette Marie Gaston, a King County Juvenile Probation Officer.

## II. PARTIES

2.1　Plaintiff Yvette Marie Gaston. Yvette Gaston has worked for the King County Juvenile Court for approximately 12 years. At the time of the incident giving rise to this cause of action Ms. Gaston was employed as a

*[Handwritten in left margin: SEA932659/Summons Iss in blank]*

**JAMES BIBLE**
ATTORNEY AT LAW
1130 NW MARKET
Seattle WA 98107
(206) 588-2008
(206) 588-2144

Juvenile Probation Counselor. Ms. Gaston had just finished helping one of her client's get school clothes when the police falsely claimed that she assaulted them. Ms. Gaston took her case to trial and was found not guilty.

2.2 <u>Defendants Shirey.</u> Defendants Leanne Shirey ("Shirey") and Jon Doe Shirey, whose true name is unknown, are husband and wife and comprise a marital community under the laws of the State of Washington. At all times relevant, Shirey was employed as law enforcement by the Seattle Police Department and was acting within the course and scope of his employment with the City of Seattle and under color of law. All of Shirey's acts alleged herein were taken by Shirey for herself, and by and for the benefit of the City of Seattle and her marital community.

2.3 <u>Defendants Jones.</u> Defendants Wade Jones ("Jones") and Jane Doe Jones, whose true name is unknown, are husband and wife and comprise a marital community under the laws of the State of Washington. At all times relevant, Jones was employed as law enforcement by the Seattle Police Department and was acting within the course and scope of his employment with the City of Seattle and under color of law. All of Jones acts alleged herein were taken by Jones for himself, and by and for the benefit of the City of Seattle and his marital community.

2.4 <u>Defendant Faust.</u> Defendant Eric Faust ("Faust") and Jane Doe Faust whose true name is unknown, are husband and wife and comprise marital community under the laws of the State of Washington. At all time relevant, Faust was employed as law enforcement by the Seattle Police Department and was acting within the course of his employment with the City of Seattle and under color of law. All of Faust's acts alleged herein were taken by Faust for himself, and by and for the benefit of the City of Seattle and his marital community.

2.5 <u>Defendant Seattle Police Department.</u> Defendant Seattle Police Department (SPD) is responsible for training and supervision of the officers it employees. All of the police officers listed in this case were employed by the Seattle Police Department at all times relevant to this case.

JAMES BIBLE
ATTORNEY AT LAW
1130 NW MARKET
Seattle WA 98107
(206) 588-2008
(206) 588-2144

2.6     City a Seattle: Defendant City of Seattle (City) is responsible for the actions and activities of employees of the Seattle Police Department when SPD employees are acting within the course and scope of their employment.

## III. JURISDICTION AND VENUE

3.1.    Jurisdiction.  Jurisdiction in this Court is based on the existence of a federal question pursuant to 28 U.S.C. Section § 1331 and 1343, in that Plaintiffs assert claims for deprivation of civil rights under 42 U.S.C. § 1983 for violations of the Fourth and 14th Amendments to the United States Constitution.

3.2     Venue. Venue for this action is appropriate in this Court because the events giving rise to the claims asserted herein occurred in the Seattle Division of this district and because the defendants reside in this district.

## IV. FACTS

4.1     The Plaintiff Yvette Gaston has worked for King County for approximately thirteen years. Ms. Gaston is currently employed by the King County Superior Court as a Juvenile Probation Counselor for King County Superior Court.

4.2     On September 4, 2008, Ms. Gaston went to Sears located in downtown Seattle to help a client on her caseload get school clothes with a clothing voucher.

4.3     After helping her client get school clothes, Ms. Gaston gave her client a ride to 23rd and Jackson in the Central Area of Seattle.

4.4     Minutes after dropping her client off at 23rd and Jackson, Ms. Gaston received a call on her work cell phone. The person on the other line was her client. Ms. Gaston's client seemed distraught and stated that he was being harassed and surrounded by police officers. Ms. Gaston's client then handed the phone to a female officer. The female officer had a brief conversation with Ms. Gaston and indicated that Ms. Gaston's client was being lippy. The female officer then stated that she was going to let another officer talk to me and put a male officer on the phone. The male officer's name was Eric Faust. Officer Faust stated to Gaston that her client had jaywalked in front of him

JAMES BIBLE
ATTORNEY AT LAW
1130 NW MARKET
Seattle WA 98107
(206) 588-2008
(206) 588-2144

and was being difficult so they were going to show him how they do things in the CD (central district). The officers also accused Ms. Gaston's client of having stolen the clothing that Ms. Gaston had helped him purchase via a clothing voucher from King County. Ms. Gaston could hear officers yelling at her client and the officer abruptly hung up the phone.

4.5 Out of concern for her client, Ms. Gaston went back to 23rd and Jackson to observe and provide information that may be helpful to law enforcement and his client.

4.6 When Ms. Gaston returned to 23rd and Jackson she saw her 15 year old client in tears and handcuffed. Ms. Gaston approached Officer Kelly, showed him her probation counselor identification and asked if her client was being arrested for Jaywalking. Officer Kelly told her to step back and she complied with his directive. As Ms. Gaston was backing up, Sergeant Shirey yanked Ms. Gaston from behind and pushed her. Officer Faust then ran up to Ms. Gaston and began to yell in her face and scream that Ms. Gaston had assaulted an officer. Out of concern for her safety, Ms. Gaston dialed 911 and attempted to explain the situation to a neutral third party. After a few minutes on the phone, the operator asked for the head officer to be put on the phone. Once on the phone Sergeant Shirey essentially instructed the 911 operator to disregard this call. The 911 operator then hung up the phone. When Ms. Gaston asked officer Shirey to return her phone to her Sergeant Shirey refused. During this time Officer Faust continued to attempt to harass and intimidate Ms. Gaston. Officer Faust yelled at Ms. Gaston, "we are 911." Officer Faust also told Ms. Gaston that she was out of line and that she would be dealt with.

4.7 Many civilian witnesses witnessed this incident and were deeply upset by the way in which the officers treated Ms. Gaston and her fifteen year old client.

4.8 Shortly after leaving the scene, Officer Faust and Officer Jones went and had a conversation with Ms. Gaston's supervisor and claimed that Ms. Gaston was going to be arrested for interfering with an arrest. Officer Jones and Faust attempted to get Ms. Gaston's supervisor to believe that she had done

JAMES BIBLE
ATTORNEY AT LAW
1130 NW MARKET
Seattle WA 98107
(206) 588-2008
(206) 588-2144

something wrong. As a result of Officer Jones' and Faust's claims, Ms. Gaston was investigated by her job. This had an adverse impact on her work environment.

4.9 On September 5th, Ms. Gaston was required, as part of her job as a probation counselor, to go and report to the court about what had happened to her client. As a result of her report, her client was released from custody.

4.10 Yvette Gaston was eventually charged with assaulting Sergeant Shirey in Seattle Municipal Court under case number 528150.

4.11 One of the police cars recorded a significant amount of audio of Ms. Gaston's and her client's interactions with police officers. This audio recording was transcribed by the city and provided to Ms. Gaston's defense counsel.

4.12 Ms. Gaston set her case for trial and the City added obstruction charges as a result of the statements and claims of Sergeant Shirey and other officers.

4.13 At trial Officer Jones testified that Sergeant Shirey had to jump between Ms. Gaston and Officer Christopher Kelly and that Ms. Gaston pushed Sergeant Shirey. Officer Chritopher Kelly testified that Ms. Gaston showed him her Probation ID badge and then followed his directive to step back. Officer Kelly also testified that Seargent Shirey was nowhere near where he was standing and did not step between he and Ms. Gaston. The Judge dismissed the obstruction charge halfway through the trial and the jury acquitted Ms. Gaston of Assault.

4.14 Injuries and Damages. As a result of the facts alleged above, the plaintiff suffered emotional and physical injuries that have significantly impacted her life.

## V. CAUSES OF ACTION

5.1 First Cause of Action. Seargent Shirey and the City of Seattle are liable to the plaintiff for the tort of assault.

5.2 Second Cause of Action. Officer Jones and Officer Faust and the City of Seattle are liable to the plaintiff for defamation.

JAMES BIBLE
ATTORNEY AT LAW
1130 NW MARKET
Seattle WA 98107
(206) 588-2008
(206) 588-2144

5.3 <u>Third Cause of Action.</u> Sergeant Shirey, Officer Jones, Officer Faust and the City of Seattle are liable to the plaintiff for malicious prosecution.

5.4 <u>Fourth Cause of Action.</u> Sergeant Shirey, Officer Jones, Officer Faust and the City of Seattle are liable for intentional infliction of emotional distress.

5.5 <u>Fifth Cause of Action.</u> Sergeant Shirey, Officer Jones, Officer Faust and the City of Seattle are liable for tortuous interference with business relationships.

5.6 <u>Sixth Cause of Action.</u> Seargent Shirey, Officer Jones, Officer Faust and the City of Seattle are liable for unlawful search and seizure of Ms. Gaston. The search and seizure of the Plaintiff was unreasonable in scope and duration in violation of Plaintiffs' rights under the Fourth Amendment and 42 USC Sec. 1983.

5.7 <u>Seventh Cause of Action.</u> The City of Seattle is liable to the plaintiff for violation of the plaintiff's vicil rights to the extent that the failure to train, supervise and discipline police officers is a policy, practice or custom of the City of Seattle. 42 USC Sec. 1983.

WHEREFORE, Plaintiffs pray for the following relief:

1. Damages and punitive damages in an amount to be proven at trial. Plaintiff seeks punitive damages against all defendants;

2. For reasonable attorney's fees and costs; and

3. For such other and further relief as the Court deems just and equitable.

**JAMES BIBLE**
ATTORNEY AT LAW
1130 NW MARKET
Seattle WA 98107
(206) 588-2008
(206) 588-2144

DATED this \_\_\_19th\_\_\_ day of February, 2010.

JAMES BIBLE

*/s/ James Bible*

James Bible, WSBA No. 33985
Attorney for Plaintiff
1130 NW Market Street
Seattle, WA  98107
Telephone:  (206) 588-2008
Fax:    (206) 588-2144
E-mail:  jbiblesblaw@gmail.com

**JAMES BIBLE**
ATTORNEY AT LAW
1130 NW MARKET
Seattle WA 98107
(206) 588-2008
(206) 588-2144